The State of Ohio, Appellee, *v.* Pappas, Appellant.

(No. 4320—Decided October 20, 1963.)

Mr. *Clyde W. Osborne*, prosecuting attorney, and Mr. *William G. Houser*, for appellee.

Mr. *Eugene B. Fox* and Mr. *Steve P. Stanos*, for appellant.

Jones, J. Ted Pappas was indicted in case No. 21760 by the Mahoning County Grand Jury for the May term, 1962, being charged with violation of Section 2915.13, Revised Code. On the seventh day of March 1963, a petit jury of the Common Pleas Court of Mahoning County found Pappas guilty. A motion for new trial was overruled, probation was denied by the trial court, and Pappas was sentenced to one to ten years in the Ohio Penitentiary.

It is uncontested that Pappas, on the nineteenth day of June 1962, sold a "numbers" ticket to Patrolman John Lynch of the Youngstown Police Department, and that this act of selling a "numbers" ticket was the basis of the indictment and subsequent trial.

The constitutionality of the statute was not challenged. The only error to be considered is the one alleged by the defendant that he claimed to be a seller only and was, therefore, indicted, tried and convicted under the wrong statute, to wit, Section 2915.13, Revised Code. We are not in agreement with the defendant. The act of selling a "numbers" ticket clearly falls within the prohibition as set forth in Section 2915.13, Revised Code. The statute prohibits anyone from, among other acts, carrying on or acting as a vendor for a scheme of chance known as the "numbers game." These acts are enumerated in the alternative.

The rank of the seller among his colleagues is not important.

The sale of a "numbers" ticket was made by defendant without representation of agency. In the absence of indication to the contrary, it is presumed that when one sells an item it is his to sell. The testimony in the record as to the identity of known "numbers" promoters and vendors in the past falls far short of indicating that the defendant was acting as agent for any vendor or promoter other than himself, and he was, therefore, properly convicted as a "vendor" or principal operating his own game.

The acts prohibited by Section 2915.13, Revised Code, are not those of a series. The alternative is used throughout. Although criminal statutes are to be strictly construed in favor of a defendant, the courts are not authorized to interpret them so as to defeat the obvious purpose and intent of the Legislature. The rule of strict construction of penal statutes is applicable only for the purpose of determining the meaning of doubtful statutory provisions. We conclude, therefore, that there is no necessity for resorting to an interpretation, inasmuch as the language of Section 2915.13, Revised Code, is clear. Our prime function is to give effect to the statute as it exists.

We refuse to recognize any strata or gentry or to otherwise distinguish among those who are brothers in the "numbers game" other than a vendee or player as he is commonly called. Those going into the "numbers game" business at the bottom of the ladder, such as a seller, or otherwise known as a writer, ought to know that Section 2915.13, Revised Code, including the penalty thereunder, is just as applicable to them as it is to anyone else in the hierarchy. The facts that their risk of apprehension is greater and that the monetary return is smaller have no bearing on the application of the statute to them.

Pappas' conduct clearly was in violation of Section 2915.13, Revised Code, and, therefore, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

BROWN, P. J., and FRANCE, J., concur.